**Bingjun LIAO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72902.

Agency No. A75–677–093.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Jan. 7, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Karen O'Donnell, Attorney at Law, Whittier, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, John J. Andre, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, HALL, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Bingjun Liao, a native and citizen of China, petitions for review of the Board of

---

Immigration Appeals' ("BIA") affirmance without opinion of the Immigration Judge's ("IJ") final order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(d)(1). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

■ The IJ issued an adverse credibility finding, citing numerous bases, falling into roughly five categories: (1) Liao's commitment to Christianity; (2) evasiveness; (3) interaction with police; (4) escape from China; and (5) employment and discharge.

1) The IJ's conclusion that Liao lacked a commitment to Christianity is not supported by substantial evidence. Whether Liao was baptized, could remember the name of his pastor, or could recall the exact sequence of books in the New Testament do not individually go to the heart of his claim. *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004). Liao was able to name several books of the Bible, and gave a plausible explanation for not being baptized. The IJ failed to consider that explanation.

■ 2) The IJ's determination that Liao was evasive during his testimony also fails to support the adverse credibility finding. The IJ failed to specify any particular instances in Liao's testimony where Liao was evasive; nor does our reading of the record reveal any instances of "evasiveness." "Generalized statements that do not identify specific examples of evasiveness or contradiction are insufficient to support an adverse credibility determination." *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

3) The IJ concluded that Liao was not credible because Liao was not aware of the consequences of printing Bible-related materials even though he was previously warned by the police against further Christian activities. Liao explained that although he was fined for his activities in 1995, he did not give any thought to the consequences of printing bible materials in 1998. Liao's explanation for his behavior is plausible, and the IJ erred by failing to consider it. *See Chen v. Ashcroft,* 362 F.3d 611, 620 (9th Cir.2004).

The IJ also erroneously concluded that Liao's testimony about confessing to the police that he printed the Bible-related materials when the police appeared at his door to arrest him was inconsistent with statements in his affidavit where he stated that the day after his beating following his arrest, the police asked him "who *instigated* [you] to print the Gospel materials." The word "instigated" implies that the police already knew Liao was responsible for printing the materials, yet wanted to know who urged him to engage in this illegal act. Liao's testimony is thus consistent with his affidavit, and does not lack credibility simply because it includes details not set forth in the asylum application. *See, e.g., Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996).

4) The IJ concluded that "it is implausible that any self-respecting man, whether Christian or not, would leave his wife and child to face the consequences of his actions." This is unsupported speculation and conjecture, which may not form the basis of an adverse credibility finding. *Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir.2004). Nor did the IJ believe that Liao could obtain a Chinese passport after his detention and while he was being monitored as a dissident. Suspicion of this sort as support for an adverse credibility finding was rejected in *Chuochkov v. INS,* 220 F.3d 1077, 1083 (9th Cir.2000) (BIA's find-

ing presupposed "(without evidence) that Russian officialdom are all on the same page and operate with seamless efficiency").

5) The IJ also disbelieved Liao's testimony that he was fired from his job because of religious activities, finding it incredible because of confused testimony about the dates of his employment. It is well settled that "'discrepancies in dates which reveal nothing about an asylum applicant's fear of his safety' [are] 'minor inconsistencies' that cannot form the basis of an adverse credibility finding." *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) (quoting *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988)).

Because the IJ's adverse credibility determination was not supported by substantial evidence, we remand to the BIA to determine whether, accepting Liao's testimony as true, Liao is eligible for asylum, withholding of removal, or relief under the Convention Against Torture. *See Ventura v. INS,* 317 F.3d 1003, 1005 (9th Cir.2003).

**PETITION GRANTED; REMANDED.**